IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HENSE,

                    Petitioner,

v.

WARDEN R.D. KEYES,

                    Respondent.

OPINION and ORDER

22-cv-521-jdp

---

Petitioner Richard Hense seeks relief under 28 U.S.C. § 2241. Hense contends that he is entitled to sentence credit under the First Step Act (FSA) that would entitle him to immediate placement in prerelease custody. Respondent filed a response, arguing that Hense failed to exhaust administrative remedies. Hense did not file a reply. I agree with respondent and will dismiss the petition.

BACKGROUND

I take the following facts primarily from the declarations of Quinn Banyai and Lisa Warzynski, Dkt. 10 and Dkt. 11, which respondent submitted to support his response. Because Hense did not reply to these assertions, and because respondent supported them with evidence, I must "accept[ them] as true" when ruling on the petition. 28 U.S.C. § 2248; *see also Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

Hense is currently incarcerated at FCI Oxford. Dkt. 10 ¶ 8. Banyai is a case manager at FCI Oxford, and Hense is on his caseload. *Id.* ¶¶ 1, 8. Hense was sentenced in the Northern District of Iowa to 106 months' imprisonment. *Id.* ¶ 8. Hense's final statutory release date is September 5, 2025. *Id.* ¶ 11.

Hense filed his § 2241 petition on September 8, 2022. *See* Dkt. 1 at 5. Hense contended that the Federal Bureau of Prisons (BOP) miscalculated his sentence by failing to give him all the FSA time credit that he was eligible for. *See* Dkt. 1 and Dkt. 1-1. Hense also contended that he is eligible for immediate transfer to prerelease custody. Dkt. 1-1 at 2.

In October 2022, the BOP determined that Hense had earned 365 days of FSA time credit. Dkt. 10 ¶ 12. So Hense's statutory release date was adjusted to September 5, 2024.

On October 25, 2022, Hense filed a supplement in which he admitted that he received FSA time credit but contended that the BOP improperly failed to give him an additional 500 days of FSA time credit. Dkt. 8.

Warzynski works at FCI Oxford as the administrative remedy clerk. Dkt. 11 ¶ 1. Warzynski is familiar with BOP policies for its administrative remedy program and has access to relevant records. *Id.* ¶ 2. On October 3, 2022, Hense filed an administrative remedy request asking for calculation and application of FSA time credit. Dkt. 11-2 at 2. In response, the warden noted that Hense had received 365 days of FSA time credit and advised him that he could appeal the response to the BOP Regional Director. *Id.* at 1. As of October 31, 2022, the North Central Regional Office had not received an appeal from Hense. Dkt. 11 ¶ 6.

Hense has asked me to take judicial notice of various documents. Dkt. 7. Although these documents have little relevance to the issue of exhaustion, I will grant Hense's motion and I have reviewed these documents.

DISCUSSION

Courts usually require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004);

*Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of the General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). But I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Here, although Hense filed a BP-9 form, he did so after he filed his petition to this court. And there is no evidence that Hense appealed the warden's response to his BP-9 form. Also, Hense did not file an administrative remedy request regarding the new claim that he raised in his supplement. Because Hense did not completely exhaust the BOP's administrative remedy program before filing his petition, he failed to exhaust administrative remedies.

There is no basis to excuse Hense's failure to exhaust. Hense has not disputed respondent's contention that, because his adjusted release date is September 5, 2024, he has

enough time to complete the BOP's administrative process. Also, there is no indication that the BOP could not resolve the issues that Hense raises or grant the requested relief. Regarding futility, the warden's failure to give Hense his preferred relief does not mean that the Regional Director or General Counsel would reach the same conclusion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). And the warden's application of 365 days of FSA time credit belies Hense's contention that the BOP predetermined that he would not receive a sentence recomputation. *See* Dkt. 1-1 at 1. Finally, this case does not present any substantial constitutional questions.

Because Hense has failed to exhaust administrative remedies, I will dismiss this action without prejudice. *Brown v. Ashcroft*, 41 F. App'x 873, 875 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1. Petitioner's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Petitioner's motion for judicial notice, Dkt. 7, is GRANTED.

3. The clerk is directed to enter judgment accordingly and mail petitioner a copy of this order.

Entered December 14, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge